IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHELSEA WILLIAMS and
NICHOLAS WILLIAMS,

       Plaintiffs,

v.                         3:13-CV-2945
                          (JUDGE MARIANI)

JOHN GILGALLON, et al.,

       Defendants.

FILED
SCRANTON

NOV 0 7 2016

PER _____
     DEPUTY CLERK

## MEMORANDUM OPINION

Presently before the Court are the following eleven Motions in Limine filed by Plaintiffs, Nicholas and Chelsea Williams[1]:

1. Preclude Defendants from introducing evidence of Plaintiff Nicholas Williams's conduct at the wedding reception. (Doc. 113, ¶ 5).

2. Preclude Defendants from introducing evidence of Plaintiff Nicholas Williams's conduct towards Angela Grunza during transport from the wedding reception. (Doc. 113, ¶ 6).

3. Preclude Defendants from introducing evidence of Plaintiff Nicholas Williams's altercation with Melinda Grunza Brower. (Doc. 113, ¶ 7).

---

[1] Plaintiffs' Omnibus Motion in Limine, (Doc. 113), contained four additional motions:
1. Preclude Defendants from asking to use Plaintiffs' courtroom technology. (Doc. 113, ¶ 1).
2. Preclude Defendants from introducing documents not produced in discovery. (Doc. 113, ¶2).
3. Preclude Defendants from calling witnesses not already disclosed. (Doc. 113, ¶ 3).
4. Prohibit Defendants from "speaking objections." (Doc. 113, ¶ 4).
Plaintiffs, however, withdrew these four motions at the pretrial conference held on November 4, 2016.

4. Preclude Defendants from introducing evidence of the cause of Plaintiff Nicholas Williams's altercation with Nathan Brower. (Doc. 113, ¶ 8).

5. Preclude Defendants from introducing evidence of Plaintiff Chelsea Williams's criminal history. (Doc. 113, ¶ 9).

6. Give Plaintiffs an opportunity to be heard before allowing Defendants to impeach Plaintiff Nicholas Williams with any of his criminal history. (Doc. 113, ¶ 10).

7. Preclude Defendants from introducing evidence of the current custody arrangement of Plaintiffs Nicholas and Chelsea Williams's children. (Doc. 113, ¶ 11).

8. Preclude Defendants from introducing evidence of Plaintiff Nicholas Williams's prior encounters with police. (Doc. 113, ¶ 12).

9. Preclude Defendants from introducing any statement made by Plaintiff Nicholas Williams during transportation from the scene of the encounter to the police station, the hospital, and the prison. (Doc. 113, ¶ 13).

10. Preclude Defendants from introducing cumulative lay witness testimony. (Doc. 115).

11. Sequester witnesses of the Defendants. (Doc. 119).

The Court will address each motion in turn.

Before doing so, however, the Court notes at the outset that it exercises its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir.1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed.

2d 538 (1986). While motions in limine may serve as a useful pretrial tool that enables a more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012) (citing *Japanese Elec. Prods.*, 723 F.2d at 260).

"[M]otions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemetech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Specifically, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis original). Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

With these principles in mind, the Court now turns to Plaintiffs' motions.

## 1. Preclude Defendants from introducing evidence of Plaintiff Nicholas Williams's conduct at the wedding reception.

Plaintiffs first argue that Defendants should be prohibited from presenting any evidence of Plaintiff Nicholas Williams acting loud, aggressive, vulgar, touch-feely, and obnoxious at his wedding reception. (Doc. 114 at 10). As a basis for its exclusion, Plaintiffs note that Defendants were not aware of Mr. Williams's conduct at his wedding reception and state that such evidence's potential for unfair prejudice substantially outweighs any of its probative value under Federal Rule of Evidence 403. (*Id.* at 12). Defendants argue Mr. Williams's overall conduct is probative as it explains his "state of mind and his subsequent reaction to the arrival of the police," (Doc. 129 at 4), as well as helping "the jury . . . fully understand the level of chaos which was occurring at the scene of the incident," (Doc. 127 at 5).

Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." As mentioned above, the Third Circuit has cautioned against making Rule 403 determinations prior to trial. *See In re Paoli R.R. Yard PCB Litig.*, 916 F.2d at 859. In doing so, they have emphasized the harmlessness of delaying such a decision until trial and the possible unfairness that could result from making the decision before the parties have had an opportunity to fully develop the record. *Id.*

Here, this is not a situation that is so clear cut as to allow this Court to make the Rule 403 decision in limine. Given that neither party will be harmed by deferring this decision until trial, and doing so will only give the Court the opportunity to make a decision based on a more fully formed record, the Court will defer deciding this motion until trial. In doing so, the Court makes clear that it is still Plaintiffs' responsibility to raise objections at trial as to any testimony they find objectionable under Rule 403. Although the Court is deferring deciding on the motion here, failure to raise the issue at the appropriate time at trial will be deemed a waiver of the objection.

2. **Preclude Defendants from introducing evidence of Plaintiff Nicholas Williams's conduct towards Angela Grunza during transport from the wedding reception.**

Plaintiffs next request, again under Rule 403, that the Court bar Defendants from introducing evidence of Mr. Williams's conduct towards Angela Grunza, Mr. Williams sister-in-law, during the car ride from the wedding reception to the scene of the incident. (Doc. 114 at 12-13). Plaintiff points out that the officers were unaware of this conduct at the time of their encounter with Mr. Williams. (*Id.* at 13).

The Court cannot weigh the probative value of this evidence against risk of unfair prejudice when Plaintiffs only identify the evidence in the vaguest possible terms. Regardless, for the same reasons outlined in section one, the Court will defer ruling on this motion until trial. Again, as outlined above, Plaintiffs are still responsible for raising this objection at trial or it will be deemed waived.

## 3. Preclude Defendants from introducing evidence of Plaintiff Nicholas Williams's altercation with Melinda Grunza Brower.

Plaintiffs also seek to bar evidence of Mr. Williams's altercation with Melinda Grunza Brower, his other sister-in-law, under Rule 403. (*Id.* at 13). The Court, however, once more lacks sufficient information to properly evaluate the evidence under Rule 403. Thus, for the same reasons outlined in section one, the Court will defer ruling on this motion until trial. Again, as outlined above, Plaintiffs are still responsible for raising this objection again at trial or it will be deemed waived.

## 4. Preclude Defendants from introducing evidence of the cause of Plaintiff Nicholas Williams's altercation with Nathan Brower.

Similar to sections one, two, and three, Plaintiffs seek to bar Defendants from introducing the reasons behind why Mr. Williams was fighting with Nathan Brower. (*Id.* at 14). Plaintiffs argue that the cause of the fight is irrelevant and prejudicial. (*Id.*). Defendants, for their part, argue this evidence is probative as it explains Mr. Williams's "state of mind and his subsequent reaction to the arrival of the police," (Doc. 129 at 4), as well as helping "the jury . . . fully understand the level of chaos which was occurring at the scene of the incident," (Doc. 127 at 5). At this time, the Court cannot say that the trial could never play out in a way as to make this evidence relevant. For instance, if Mr. Williams were to testify that Mr. Brower attacked him without provocation, Defendants would certainly not be barred from presenting Mr. Brower's justification for the fight. Thus, the Court will

6

defer ruling on this motion until trial. Again, as outlined above, Plaintiffs are still responsible for raising this objection again at trial or it will be deemed waived.

## 5. Preclude Defendants from introducing evidence of Plaintiff Chelsea Williams's criminal history.

Next, Plaintiffs seeks to preclude Defendants from introducing evidence of Mrs. Williams's criminal history on the basis that it is not admissible as impeachment evidence under Rule 609. (Doc. 114 at 15). Plaintiffs point out that while Mrs. Williams has had charges brought against her in the past, none of those charges have led to convictions. (*Id.*). Defendants counter that Mrs. Williams is currently facing charges that may be admissible if they result in a conviction before trial. (Doc. 127 at 6-7; Doc. 129 at 129). Defendant Argenta also argues that evidence of two bench warrants issued for Mrs. Williams for failure to appear in court may be relevant for impeachment purposes if Mrs. Williams testifies that it is always her practice to comply with orders from authorities. (Doc. 127 at 7-8).

Either way, while the Court—and seemingly Defendants—agree that Mrs. Williams's prior charges that did not result in a conviction are not admissible under Rule 609, it would be premature to rule on the admissibility of any conviction that may occur before trial. Thus, the Court will defer ruling on this motion until the appropriate time at trial. Plaintiffs are responsible for raising this objection again at the appropriate time during trial or it will be deemed waived.

7

6. **Give Plaintiffs an opportunity to be heard before allowing Defendants to impeach Plaintiff Nicholas Williams with any of his criminal history.**

While Plaintiffs' next motion is entitled "Preclude criminal history of Nicholas Williams," Plaintiffs seem to realize that at least some of Mr. Williams's criminal history may be admissible for impeachment purposes under Rule 609. (Doc. 114 at 16). Thus, Plaintiffs ask the Court to "preclude any impeachment attempts by defense counsel upon Mr. Williams absent a conference outside the hearing of the jury." To the extent that Plaintiffs' motion is only requesting an opportunity to be heard outside the presence of the jury, or at sidebar, before Mr. Williams is impeached by prior convictions, Plaintiffs' motion is granted.

7. **Preclude Defendants from introducing evidence of the current custody arrangement of Plaintiffs Nicholas and Chelsea Williams's children.**

Plaintiffs next seek to preclude evidence of the custody status of Mr. and Mrs. Williams's children on the basis that it is "highly improper and prejudicial." (Doc. 114 at 17). Plaintiffs fail, however, to argue why this inquiry is improper or to direct the Court to a rule of evidence that prohibits its admission. Defendants all argue that the custody arrangement could be relevant to issues of damages or the loss of consortium claims. (Doc. 127 at 12; Doc. 129 at 5-6). Although there may be a limited set of circumstances in which the evidence could be relevant, it is not out of the realm of possibility that the trial could proceed in such a manner as to make the evidence relevant. Thus, the Court will defer ruling on this motion until trial. In doing so, the Court notes that although this may have been a topic

8

suitable for resolution by a motion in limine, Plaintiffs have not provided the Court with sufficient information to make an informed pretrial decision.

## 8. Preclude Defendants from introducing evidence of Plaintiff Nicholas Williams's prior encounters with police.

Plaintiffs' next motion seeks to preclude Defendants from introducing evidence of Mr. Williams's prior encounters with police. (Doc. 114 at 17). Although it is not at all clear from Plaintiffs' motion what particular incidents Plaintiffs are referring to, the Court gleans from Defendants' briefs that Mr. Williams has allegedly had prior encounters with police while he was intoxicated. Defendants Fallon and Mackie do not seem to respond to this motion; Defendant Argenta argues that such evidence may, depending on how Mr. Williams testifies, be admissible for impeachment purposes and may be admissible under Federal Rule of Evidence 406.[2] (Doc. 127 at 8-11).

Federal Rule of Evidence 404(b) prohibits the introduction of prior bad acts to show that the person acted in conformity with those prior acts on a subsequent occasion. Federal Rule of Evidence 406 provides, in relevant part, that "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." The Advisory Committee Notes to the rule state that "[c]haracter is a generalized description of one's

---

[2] Defendant Argenta also argues the evidence would be admissible under Rule 405. (Doc. 127 at 10). Under Rule 405(b), "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." As Defendant Argenta fails to argue why Mr. Williams's character is an essential element of his defense, the Court will not address Defendant's argument.

9

disposition, or of one's disposition in respect to a general trait, such as honesty, temperance, or peacefulness. 'Habit,' in modern usage, both lay and psychological, is more specific. It describes one's regular response to a repeated specific situation." FED. R. EVID. 406 advisory committee notes to 1972 proposed rules.

Here, to the extent that Defendants wish to introduce evidence of Mr. Williams's prior encounters with police to show his tendency or habit to be violent when intoxicated, or to disobey police when intoxicated, Plaintiffs' motion is granted. A few prior instances where Mr. Williams may have been violent while intoxicated or may have disobeyed police while intoxicated do not constitute a habit under Rule 406. See Davis v. Grynkewicz, 2013 WL 2249294, *3 (M.D. Pa. 2013) (holding that several occasions where a police offer was accused of using excessive force were not admissible under Rule 406 to show that he had the habit of using excessive force).

9. **Preclude Defendants from introducing any statement made by Plaintiff Nicholas Williams during transportation from the scene of the encounter to the police station, the hospital, and the prison.**

Plaintiffs, in their motion, request this Court preclude the introduction of any comments made by Nicholas Williams to Defendants during his transportation after the incident. (Doc. 113, ¶ 13). Plaintiffs, however, did not brief the topic, making it impossible for the Court to rule on it. Thus, the Court will deny Plaintiffs' motion without prejudice for Plaintiffs to raise the specific objection at trial.

## 10. Preclude Defendants from introducing cumulative lay witness testimony.

Plaintiffs' next motion seeks to preclude Defendants from presenting cumulative lay witness testimony. (Doc. 115). Specifically, Plaintiffs wish to prevent Defendants from presenting multiple witnesses to testify about the same set of facts. (Doc. 116 at 2). Defendant Argenta and Defendants Fallon and Mackie point out that Plaintiffs have not identified any specific set of facts or any specific witnesses to which Plaintiffs' motion is directed. (Docs. 126, 128).

Plaintiffs' motion is far too speculative and remote for a motion in limine. There is no way for the Court to determine at this time whether any of Defendants' witnesses will present testimony that is needlessly cumulative. Therefore, the Court will deny Plaintiffs' motion without prejudice to Plaintiffs' right to object to the testimony of specific witnesses as needlessly cumulative.

## 11. Sequester witnesses of the Defendants.

Plaintiffs' final motion requests that the Court order Defendants' witnesses be sequestered during trial. (Doc. 119 at 3). As all Defendants concur, (Doc. 123), the Court will grant the motion.

### CONCLUSION

For the foregoing reasons, Plaintiffs' motions in limine (Docs. 113, 115, 119) will be decided as set forth above. A separate Order follows.

11

*[signature]* 11/7/16
Robert D. Mariani
United States District Judge