IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHELSEA WILLIAMS and
NICHOLAS WILLIAMS,

    Plaintiffs,

v.      3:13-CV-2945
    (JUDGE MARIANI)

JOHN GILGALLON, et al.,

    Defendants.

## MEMORANDUM OPINION

Presently before the Court are the following two Motions in Limine filed by Defendant, Dean Argenta:

1. Preclude Plaintiffs from introducing evidence of injuries beyond bruising and the immediate effects of being tased. (Doc. 105).

2. Preclude Plaintiffs from introducing evidence of the events surrounding the ending of Defendant Argenta's employment with the Olyphant Borough Police Department. (Doc. 105).

The Court will address each motion in turn.

Before doing so, however, the Court notes at the outset that it exercises its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir.1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed.

2d 538 (1986). While motions in limine may serve as a useful pretrial tool that enables a more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012) (citing *Japanese Elec. Prods.*, 723 F.2d at 260).

"[M]otions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemetech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Specifically, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis original). Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

With these principles in mind, the Court now turns to Defendant's motions.

## 1. Preclude Plaintiffs from introducing evidence of injuries beyond bruising and the immediate effects of being tased.

Defendant Argenta first wishes to preclude any evidence of injuries Plaintiffs received beyond the initial emergency room visit on the basis that Plaintiffs are not presenting any expert medical testimony that connects any additional injuries Plaintiffs have with the claims of excessive force. (Doc. 106 at 3-5). Plaintiffs concede that there is no medical testimony regarding their excessive force claims beyond injuries that were treated at the initial emergency room visit. (Doc. 111 at 14). Plaintiffs further state "that no pre-trial order need be issued in this matter and that the plaintiff Nicholas Williams should be permitted to introduce testimony from the emergency room department on the medical treatment provided for the removal of the taser prongs." The Court interprets this to mean that Plaintiffs will not seek to introduce any evidence of injuries beyond those treated at the emergency room. Thus, considering Plaintiffs' concession, Defendant's motion will be dismissed as moot.

Plaintiffs do seek, however, to introduce evidence that Chelsea Williams lost her pregnancy shortly after this incident, but for the limited purpose of showing why Plaintiffs did not move to Florida after the wedding, as planned. (*Id.*). Plaintiffs concede that the miscarriage is inadmissible as evidence of an injury Chelsea Williams sustained as a result of her encounter with the police. (*Id.*). Defendant responds that such evidence is irrelevant to Plaintiffs' claim. (Doc. 112 at 3). It is

3

hard for the Court to assess the relevance at this time of Plaintiffs' change in relocation plans. If Plaintiffs meet the low bar to establish its relevance, the issue would become whether the evidence is admissible under Federal Rule of Evidence 403. Given that it is hard to assess the relevance of evidence here and that a Rule 403 determination is better made at trial, the Court will defer ruling on this issue at this time. In doing so, the Court makes clear that it is still Defendant's responsibility to raise objections at trial as to any testimony he finds objectionable. Although the Court is deferring the decision on this part of the motion here, failure to raise the issue at the appropriate time at trial will be deemed a waiver of the objection.

## 2. Preclude Plaintiffs from introducing evidence of the events surrounding the ending of Defendant Argenta's employment with the Olyphant Borough Police Department.

Defendant Argenta next seeks to preclude the introduction of any evidence concerning the events surrounding his resignation from the Olyphant Borough Police Department. (Doc. 106 at 6). Plaintiffs point out that the resignation was due, in part, to a misrepresentation Argenta made on his application. (Doc. 111 at 6-8). Plaintiffs therefore argue that the evidence is admissible under Federal Rule of Evidence 608. (*Id.* at 7). Defendant responds that if Plaintiffs attack his credibility in this manner, he will be forced to call rebuttal witnesses to explain the events. (Doc. 112 at 1-2). Defendant further argues that his credibility is relatively unimportant, as there were many eye witnesses to the events. (*Id.* at 3).

4

Federal Rule of Evidence 608 states that "[a] witness's credibility may be attacked" and that a "court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness." Thus, the Court has discretion to allow cross-examination of specific instances of a witness's conduct if it is probative of the witness's character for truthfulness. "The character of the previous conduct, the importance of the testimony, and the probable effect on the jury if the misconduct is divulged are all factors a judge must consider in deciding whether to allow inquiry about past conduct." *United States v. Lundy*, 416 F. Supp. 2d 325, 331 (E.D. Pa. 2005) (quoting *United States v. Butch*, 48 F. Supp. 2d 453, 462 (D.N.J. 1999)). Additionally, a court should look to Rule 403 in ruling on the admissibility of such evidence. *Elcock v. Kmart Corp.*, 233 F.3d 734, 752-53 (3d Cir. 2000).

At this stage, it is difficult to make this determination. Depending on how the evidence in this case falls, Argenta's character for truthfulness may play a large role in the trial. In such a case, the importance of the testimony increases and would require a greater risk of unfair prejudice in order to be excluded under Rule 403. If, on the other hand, Argenta's character for truthfulness ends up being unimportant in light of other eye witness testimony, Rule 403 will require less of a risk of unfair prejudice to be excluded under Rule 403. Ultimately, the Court will be in a better posture to rule on this motion at trial and therefore it will defer its ruling at this time. As discussed above, Defendant is responsible

for raising this objection at the appropriate time at trial or the objection shall be deemed waived.

## CONCLUSION

For the foregoing reasons, Defendant's motions in limine (Doc. 105) will be decided as set forth above. A separate Order follows.

Robert D. Mariani
United States District Judge