IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHELSEA WILLIAMS and
NICHOLAS WILLIAMS,

        Plaintiffs,

v.

JOHN GILGALLON, et al.,

        Defendants.

3:13-CV-2945
(JUDGE MARIANI)

FILED
SCRANTON

NOV 0 7 2016

PER _____
DEPUTY CLERK

## MEMORANDUM OPINION

Presently before the Court are the following three Motions in Limine filed by Defendants, Katie Fallon and Christopher Mackie[1]:

1. Preclude Plaintiffs from introducing evidence of post-incident discipline of Defendant Mackie occurring when he worked for a police department in Virginia Beach. (Doc. 117, ¶ 6)

2. Preclude Plaintiffs from introducing evidence of Defendants' departure from employment with the Dickson City and Virginia Beach police departments. (Doc. 117, ¶ 5).

3. Preclude Plaintiffs from introducing evidence of Plaintiff Chelsea Williams's miscarriage. (Doc. 117, ¶ 9).

The Court will address each motion in turn.

---

[1] Defendants Fallon and Mackie filed their Omnibus Motion in Limine containing these three motions on October 15, 2016. On October 29, 2016, Plaintiffs filed an answer to Defendants' motion, (Doc. 124), but did not file any Brief in Opposition. Thus, while the Court will address each motion on its merits, it does so without fully briefed arguments from Plaintiffs.

Before doing so, however, the Court notes at the outset that it exercises its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir.1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). While motions in limine may serve as a useful pretrial tool that enables a more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012) (citing *Japanese Elec. Prods.*, 723 F.2d at 260).

"[M]otions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemetech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Specifically, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis original). Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

2

With these principles in mind, the Court now turns to Defendants' motions.

1. **Preclude Plaintiffs from introducing evidence of post-incident discipline of Defendant Mackie occurring when he worked for a police department in Virginia Beach.**

Defendants Fallon and Mackie first argue that an event which occurred in 2015 involving Mackie and his employment in Virginia Beach is inadmissible under Federal Rule of Evidence 404(b). (Doc. 118 at 3-4). The event involved a disciplinary action that occurred after Mackie used his Taser. (Doc. 117, ¶ 6). Plaintiffs' response, in its entirety, is that "Mackie's use and potential abuse of a Taser is highly probative and the timing of same is irrelevant." (Doc. 124, ¶ 6).

Federal Rule of Evidence 404(b)(1) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The rule goes on to state that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2).

Here, to the extent Plaintiffs wish to introduce evidence of Mackie's use of a Taser in Virginia Beach—or any discipline stemming from the incident—to show his tendency to use his Taser in inappropriate situations, or his tendency to use excessive force, Defendants' motion is granted. Evidence of other wrongs, such as the inappropriate use of a Taser, is simply inadmissible under Rule 404(b) to show that Mackie was more likely to have used his Taser inappropriately during his interaction with Plaintiffs. This ruling is consistent with the

Court's other order in which it granted, for the same reasons, Plaintiffs' motion in limine to preclude Nicholas Williams's prior encounters with police.

## 2. Preclude Plaintiffs from introducing evidence of Defendants' departure from employment with the Dickson City and Virginia Beach police departments.

Defendants Fallon and Mackie next seek to preclude the introduction of any evidence of their departure from both the Dickson City Police Department and the Virginia Beach Police Department. (Doc. 117, ¶ 5). Defendants argue the evidence is irrelevant and is also barred under Federal Rules of Evidence 403 and 404(b). (Doc. 118 at 4-6). Plaintiffs' response is that Mackie left the Virginia Beach Police Department because of a Taser incident and thus the departure is highly probative and relevant to the present case. (Doc. 124, ¶ 5). This motion seeks to bar two separate pieces of evidence, Defendants' departure from the Dickson City Police Department and Defendants' departure from the Virginia Beach Police Department. This Court will discuss each piece of evidence separately.

Regarding the departure from the Dickson City Police Department, the Court notes that it does not currently have enough information to rule on the motion. Defendants' departure, depending on the circumstances, may be highly relevant to the instant action. Thus, the Court will defer ruling on this motion until trial. In doing so, the Court makes clear that it is still Defendants' responsibility to raise objections at trial as to any testimony they find objectionable. Although the Court is deferring the decision on this part of the motion here, failure to raise the issue at the appropriate time at trial will be deemed a waiver of the objection.

4

As for Defendants' departure from the Virginia Beach Police Department, the evidence of Fallon's departure is wholly irrelevant to the instant mater. The Court has seen no evidence connecting the two events, and thus the evidence should be barred under Federal Rule of Evidence 402. As for Mackie's departure, if it was related to Mackie's use of a Taser, the Court agrees with Plaintiffs that the evidence is relevant. If it is Taser related, however, the evidence is inadmissible under Rule 404(b). Its only relevance would be to show that Mackie misused his Taser at one point in time and thus it is more likely he misused his Taser during his encounter with Plaintiffs. Alternatively, if Mackie's departure is unrelated to a Taser, it is just as irrelevant to this case as Fallon's departure. Thus, the Court will grant the motion as it pertains to Mackie and Fallon's departure from the Virginia Beach Police Department.

### 3. Preclude Plaintiffs from introducing evidence of Plaintiff Chelsea Williams's miscarriage.

As outlined in the Court's Memorandum Opinion addressing Defendant Argenta's Motions in Limine, Plaintiffs have already conceded that evidence of Chelsea Williams's loss of her pregnancy is inadmissible as it pertains to her injuries occurring as a result of her encounter with police. (Doc. 111 at 14). Plaintiffs, however, wish to introduce evidence of the miscarriage to explain why Plaintiffs did not move to Florida after they were married, as planned. (*Id.* at 14-15). Defendants Fallon and Mackie now seek to preclude evidence of the miscarriage as it pertains to the limited purpose Plaintiffs wish to introduce it for. (Doc. 118 at 6). Defendants argue that the reason that Plaintiffs did not move to Florida is

irrelevant to this action, and, even if it was relevant, the evidence's probative value is significantly outweighed by the risk of unfair prejudice and thus is properly excludable under Rule 403. (*Id.*).

For the reasons outlined in the Court's Memorandum Opinion addressing Defendant Argenta's Motions in Limine, the Court will defer ruling on this motion until trial. As discussed above, Defendants are responsible for raising this objection at the appropriate time at trial or the objection shall be deemed waived.

## CONCLUSION

For the foregoing reasons, Defendants' motions in limine (Doc. 117) will be decided as set forth above. A separate Order follows.

Robert D. Mariani
United States District Judge